IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH A. JUNE, SR., et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 05-1495 |
| | : | |
| KEVIN J. SPANO, et al. | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                                                   October 27, 2005

      Defendants request this Court to dismiss an eight-count complaint, which alleges a search of a private residence for illegal drugs by members of the City of Bethlehem's Police Department deprived Plaintiffs of their civil rights and violated state law. After careful consideration of the various arguments, ranging from the adequacy of Plaintiffs' constitutional claims to the applicability of governmental and official immunity as defenses to the state-law causes of action, I will grant in part and deny in part Defendants' two motions to dismiss.

**BACKGROUND**

      On April 1, 2003, at approximately 8:00 p.m., six members of the City of Bethlehem's Police Department allegedly entered a private residence to search for illegal drugs. Those who were present during all or part of the search have brought an eight-count complaint against the City of Bethlehem, six of its law enforcement officers, the Township of Bethlehem, Scott Lipare (a Township police officer), Northampton County, and the Northampton County Drug Task Force (the "Task Force"). The first two counts seek damages for alleged deprivations of Plaintiffs' civil rights, while the remainder of the counts assert state-law causes of action. The Township of Bethlehem answered the

complaint, but the city and its law enforcement officers now move to dismiss all but one of the claims presented against them. In a separate and subsequent motion, Northampton County, the Task Force, and Lipare seek dismissal of the entire complaint.

**DISCUSSION**

A motion to dismiss tests the legal sufficiency of a cause of action. In determining whether the complainant has, according to Federal Rule of Civil Procedure 12(b)(6), "fail[ed] to state a claim upon which relief can be granted," a court must accept all well-pleaded allegations as true and construe them in the light most favorable to the pleader. *Oatway v. Am. Int'l Group, Inc.*, 325 F.3d 184, 187 (3d. Cir. 2003). The critical analysis here is whether the Plaintiffs have failed to set forth any set of facts that would entitle them to relief on each cause of action.

The civil-rights allegations in Counts I and II are asserted against all Defendants. Invoking 42 U.S.C. § 1983, Plaintiffs assert in Count I Defendants infringed their First, Fourth, Fifth, and Eighth Amendment rights. This count also contains a cause of action for violation of Article I, Section 8 of the Pennsylvania Constitution. Count II asserts a violation of 42 U.S.C. § 1985, alleging Defendants conspired to deprive the Plaintiffs of their right to privacy.

The First Amendment claim will be dismissed because there are simply no facts to implicate any of the rights protected under this amendment. The gravamen of the factual allegations concern an allegedly unlawful search and seizure – there is no suggestion anywhere in the complaint the Defendants interfered with or suppressed Plaintiffs' free speech or free exercise rights. Additionally, there are no allegations Defendants prohibited the Plaintiffs from exercising their right to petition the government for redress.

The complaint also fails to set forth a cause of action for violation of the Fifth Amendment

for two reasons. First, the Due Process Clause of the Fifth Amendment applies only to the federal government. Here, none of the Defendants are federal actors, so this claim cannot proceed as a matter of law. Second, Defendants' alleged failure to provide *Miranda* warnings to one of the plaintiffs is legally insufficient because there is no private right of action to seek redress for a failure to give such warnings. *Burke v. Green*, 422 F. Supp. 350, 359-61 (E.D. Pa. 1976); *see also Turner v. Lynch*, 534 F. Supp. 686, 689 (S.D.N.Y. 1982).

Plaintiffs' Eighth Amendment claim will be dismissed because this amendment applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977) (citing *United States v. Lovett*, 328 U.S. 303, 317-18 (1946)). Simply put, the Eighth Amendment protects those individuals who have been criminally convicted and sentenced. None of the Plaintiffs here fall within that category – they were all free citizens during the relevant events set forth in the complaint.

Count II alleges Defendants conspired to deprive the Plaintiffs of their right to privacy in violation of 42 U.S.C. § 1985(3). The four basic elements of a prima facie case under this provision are:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983). Section 1985 only applies to a conspiracy motivated by an invidious, discriminatory, class-based animus. *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971). To establish a conspiracy under this

section, a complainant must present specific factual allegations of a mutual understanding between or among the conspirators to take actions toward an unconstitutional end. *Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir. 1972) (affirming dismissal of section 1985(3) conspiracy claim and noting "[w]ith near unanimity, the courts have rejected complaints containing mere conclusory allegations of deprivations of constitutional rights protected under § 1985(3)"). Here, Count II fails to establish a prima facie case for the following reasons. First, the Complaint does not allege any facts to establish an invidious, discriminatory, class-based animus on the part of the Defendants. Second, Plaintiffs do not allege they are within a class of persons entitled to protection under the statute. Finally, Plaintiffs present mere conclusory statements that a conspiracy existed – they have not set forth, with the required specificity, allegations of a mutual understanding or agreement among the Defendants to violate Plaintiffs' right to privacy. Therefore, the section 1985 claim will be dismissed.

Although the City of Bethlehem and its officers do not move to dismiss Plaintiffs' Fourth Amendment claim, Lipare, Northampton County, and the Task Force request dismissal of this cause of action. Defendant Lipare argues he cannot be subject to liability under section 1983 because he was not personally or directly involved in the unlawful search and seizure. I agree with Lipare. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Although allegations of personal direction or actual knowledge and acquiescence are sufficient to show involvement, they "must be made with appropriate particularity." *Id.* Here, the complaint identifies Lipare as a "sworn police officer in the Police Department of the Defendant Township of Bethlehem" who "supervised and controlled one or more of the other

4

Defendants, or acted in concert with them in the performance of their conduct or actions, or acted independently." Pls.' Compl. ¶ 14. Lipare also "processed" one of the plaintiff's relatives, who is not a party to this lawsuit. *Id.* ¶ 33. These allegations, however, are not a factual predicate to establish Lipare personally participated in, was aware of, or acquiesced in the unlawful search. Viewed in the light most favorable to the pleaders, the allegation Lipare supervised one or more of the Defendants lacks the necessary particularity to permit this cause of action to proceed against him. I will therefore dismiss Plaintiffs' section 1983 claim against Lipare.

Plaintiffs' section 1983 claim against the government entities is based on two theories. Specifically, Plaintiffs allege these Defendants (1) implemented policies and procedures that caused the individual officers to deprive Plaintiffs of their civil rights and (2) failed to properly supervise and train these officers. A local government cannot be vicariously liable for "injuries inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). Government entities may, however, be liable under section 1983 when execution of a policy or custom, carried out by an employee acting under color of law, causes the deprivation of an individual's civil rights. *Id.* Simply put, "a municipality can be found liable under section 1983 only where the municipality *itself* causes the constitutional violation at issue." *Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell*). Merely employing a tortfeasor can never be the basis for municipal liability. "Failure to train" claims are also governed by this principle because liability is only appropriate where the municipality's failure demonstrates "deliberate indifference" to the rights of persons with whom the police come in contact. *Id.* at 389.

Taking all well-pleaded allegations in the complaint as true, Plaintiffs have presented viable causes of action against the government entities named in the complaint. Not only have Plaintiffs

alleged various policies, practices, and customs were in force, but they have also presented factual averments to show a "plausible nexus" between the government conduct and the resulting injuries. *Bielevicz v. Dubinson*, 915 F.2d 845, 850 (3d Cir. 1990). This is all that is required at the pleading stage, so Plaintiffs' section 1983 cause of action against the government entities will survive the motions to dismiss. Although Northampton County argues its connection with the allegedly unlawful search is attenuated and its Drug Task Force is not amenable to suit under section 1983, these are factual issues to be resolved during a subsequent phase of this litigation.

Defendants also argue the cause of action seeking damages for an alleged violation of Article I, Section 8 of the Pennsylvania Constitution should be dismissed because they are immune from suit on this claim. The critical question here, though, is whether a private right of action exists to recover damages for an alleged violation of this provision.[1] Article I, Section 8 protects citizens of the Commonwealth from unreasonable searches and seizures.[2] This provision was ratified before the Fourth Amendment to the U.S. Constitution and provides greater protection than its federal counterpart against government intrusion into a citizen's private affairs. Until November, 2004, when a Common Pleas Court Judge from Philadelphia County issued *Jones v. City of Philadelphia*,

---

[1] Immunity is the right not to stand trial even in the face of a recognized cause of action.

[2] The text of Article I, Section 8 reads as follows:

> **§ 8. Security From Searches and Seizures**
> The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed by the affiant.

Pa. Const. art. 1, § 8.

No. 3641, 2004 WL 3523514 (Phila. Ct. C.P. Nov. 3, 2004), the issue of whether there is a private right to recover damages for a violation of Article I, Section 8 had not been addressed in any published or unpublished opinion by a Pennsylvania court.³ Acknowledging the issue was one of first impression, the court in *Jones* undertook its own analysis and concluded such a right existed.

Despite the result reached in *Jones*, this Court declines to exercise supplemental jurisdiction over Plaintiffs' claim to recover damages for Defendants' alleged violation of Article I, Section 8 because it remains an unsettled issue of state law. The supplemental jurisdiction statute, 28 U.S.C. § 1367, grants this Court discretion not to exercise its jurisdiction when "the claim raises a novel or complex issue of state law." 28 U.S.C. § 1367©)(1). While the decision in *Jones* "may be some indication of which way the wind is blowing" in the Commonwealth, until the Pennsylvania Supreme Court has ruled, the law in this area should be regarded as unsettled. *Kinee v. Abraham Lincoln Fed. Sav. & Loan Ass'n*, 365 F. Supp. 975, 978 (E.D. Pa. 1973) (declining to exercise pendent jurisdiction over a state-law claim for unjust enrichment because there was only one opinion

---

³The opinion in *Jones* refers to *Coffman v. Wilson Police Department*, 739 F. Supp. 257 (E.D. Pa. 1990), wherein the district court denied a police department's motion to dismiss claims for alleged violations of Sections 1, 8, and 26 of Article I of the Pennsylvania Constitution, reasoning the Commonwealth's Political Subdivision Tort Claims Act does not provide immunity from alleged deprivations of constitutional rights. More recently, though, opinions from this district reveal uncertainty over the precise issue in this case: whether a direct cause of action exists to recover damages for violations of various sections of the Pennsylvania Constitution. *Mulgrew v. Fumo*, No. 03-CV-5039, 2004 WL 1699368 (E.D. Pa. July 29, 2004) (declining to exercise supplemental jurisdiction over a claim to recover damages for an alleged violation of Article I, Section VII of the Pennsylvania Constitution because the issue of whether a direct right of action exists is an unsettled area of state law), *Graham v. Philadelphia*, No. 01-CV-2593, 2002 WL 1608230, at *7 (E.D. Pa. July 17, 2002) (same), *Curran v. SEPTA*, No. 97-CV-8121, 1999 WL 79504, at *4 (E.D. Pa. Jan. 21, 1999) (same). Moreover, the Commonwealth Court of Pennsylvania concluded in *Robbins v. Cumberland County Children and Youth Services*, 802 A.2d 1239, 1251 (Pa. Commw. Ct. 2002), that while "neither party briefed the difficult issue of whether there exists a direct right of action for money damages against government officials for violations of the Pennsylvania Constitution, . . . our research has not uncovered any case where such a cause of action was recognized."

from a court of common pleas dealing with the same issue on identical facts).  To exercise supplemental jurisdiction over this claim "in advance of the Supreme Court of Pennsylvania . . . would in effect be providing an advisory opinion on what [this Court] believe[s] the law of Pennsylvania should be" – a task this Court declines to do in the interest of comity.  *Id.*  Given this litigation is in its procedural infancy, consideration of such factors as "judicial economy, convenience and fairness to the litigants" does not lead to a contrary conclusion concerning the appropriateness of declining to exercise supplemental jurisdiction over an unsettled issue of state law.  *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  I decline the invitation to exercise jurisdiction over Plaintiffs' cause of action alleging Defendants violated Article I, Section 8 of the Pennsylvania Constitution.

Count III and Counts V through VIII allege some or all of the Defendants committed various intentional torts.  In support of dismissal, Defendants argue the Commonwealth's Political Subdivision Tort Claims Act ("PSTCA") provides immunity from liability for these causes of action.[4]  I disagree with Defendants' argument as it pertains to the individual law enforcement officers because official immunity is abrogated when "it is judicially determined" the government employee who caused the injury engaged in "willful misconduct." 42 Pa. Cons. Stat. § 8550.  "For purposes of the Tort Claims Act, 'willful misconduct' is synonymous with term 'intentional tort.'" *Kuzel v. Krause*, 658 A.2d 856, 859 (Pa. Commw. Ct. 1995) (citing *King v. Breach*, 540 A.2d 976, 981 (Pa. Commw. Ct. 1988)).  Therefore, the causes of action in Counts III, V, and VI for intentional infliction of emotional distress, false arrest, and false imprisonment, respectively, will survive

---

[4] The sections of the Political Subdivision Tort Claims Act relevant to this analysis are codified at 42 Pa. Cons. Stat. §§ 8541-42, 8545-46, and 8550.

Defendants' motions to dismiss as against the individual defendants.[5] Counts V and VI, though, will not proceed against the government entities because section 8550 of the PSTCA only abrogates official immunity – it does not affect the immunity of the local agency that employs the tortfeasor.[6] (There is no need to address governmental immunity with regard to Count III because Plaintiffs' cause of action for false imprisonment is against all individual Defendants.)

In Counts VII and VIII, Plaintiff Tara Richie asserts claims for malicious prosecution and

---

[5]Although Defendant Lipare is allegedly a police officer for the Township of Bethlehem, he argues 42 Pa. Cons. Stat. § 8953(d) entitles him, as a member of the Task Force, to the defense of sovereign immunity, which is available to Commonwealth employees under 1 Pa. Cons. Stat. § 2310. At this juncture, Lipare's reliance on section 8953(d) is misplaced because that subsection, as it concerns workers' compensation and allocation of liability, treats municipal police officers the same as State law enforcement officers only when a municipal officer "is responding to a request of aid or assistance from a State law enforcement officer . . . ." 42 Pa. Cons. Stat. § 8953(d). Here, the complaint does not allege Lipare is an employee of the Commonwealth and contains no allegations the Pennsylvania State Police were involved with the events giving rise to this lawsuit. Without affidavits or other evidence offered by Lipare to suggest otherwise, this Court must draw all inferences in the light most favorable to the Plaintiffs. Therefore, Lipare's entitlement to immunity at this stage of the litigation is governed by the relevant provisions of the PSTCA.

[6]The applicable statutory provision reads as follows:

**§ 8550.  Willful misconduct**

> In any action against a local agency or employee thereof for damages on account of injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

42 Pa. Cons. Stat. § 8550. Section 8550 does not affect the grant of governmental immunity conferred by section 8541, which provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. Cons. Stat. § 8541. There are no exceptions to governmental immunity under the PSTCA for intentional torts.

9

abuse of process against all Defendants.[7] Richie alleges, in her malicious prosecution claim,[8] the prosecutor's decision to abandon the criminal charges against her at the preliminary hearing stage demonstrates the search was executed for Defendants' "own malicious purpose and without probable cause." Pls.' Compl. ¶ 108.  To present a prima facie case for malicious prosecution, Richie must demonstrate the Defendants (1) initiated a criminal proceeding that (2) ended in her favor, which was (3) initiated without probable cause and (4) for a malicious purpose (i.e., other than to bring her to justice).  *Rose v. Bartle*, 871 F.2d 331, 349 (3d Cir. 1989).  An inference that a law enforcement officer acted with a malicious purpose is satisfied by pleading, with an appropriate factual basis, the officer deliberately concealed exculpatory evidence, intentionally failed to disclose it, or provided false information to the prosecutor.  *Sanders v. English*, 950 F.2d 1152, 1162 (5th Cir. 1992).  Accepting the factual allegations in the complaint as true, Richie has satisfied the first three elements, but she presents only conclusory statements the officers acted maliciously.

Richie's abuse of process cause of action is based on the theory the Defendants' unlawful search was not used for the proper purpose of bringing her to justice, but rather to "force the Plaintiff to cooperate in their efforts to widen the scope of their drug investigation."  Pls.' Compl. ¶ 112.

---

[7]These are intentional torts under Pennsylvania law, so the government entities are immune from liability for these causes of action under the PSTCA.

[8]A fair reading of the complaint reveals Richie's malicious prosecution claim is a common law cause of action grounded in tort, not one brought pursuant to 42 U.S.C. § 1983.  This distinction is relevant after the Third Circuit issued its opinion in *Gallo v. City of Philadelphia*, 161 F.3d 217 (3d Cir. 1998).  Until *Gallo*, a malicious prosecution claim asserted pursuant to 42 U.S.C. § 1983 consisted of the same elements as the common law tort.  More precisely, Third Circuit law recognized that a violation of the common law tort could form the basis for a section 1983 lawsuit.  *Gallo*, though, requires a section 1983 malicious prosecution claimant to "allege a claim based on explicit constitutional text, 'not the more generalized notion of substantive due process,'" which was consonant with the common law tort.  *Gallo*, 161 F.3d at 221 (quoting *Albright v. Oliver*, 510 U.S. 266, 272 (1994)).

Under Pennsylvania law, a party may be liable for abuse of process if that party "(1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." *Shiner v. Moriarty*, 706 A.2d 1228, 1236 (Pa. Super. Ct. 1998). To present a prima facie case, a plaintiff must also allege an ulterior motive caused the defendant to pervert the legal process for an illegitimate purpose. *Id.* As currently set forth, Richie's claim is legally insufficient because the allegation of improper purpose – to widen the scope of the drug investigation – does not, on its face, amount to an illegitimate one.

Considering the merit of deciding cases on the basis of the substantive rights involved, I will dismiss Richie's malicious prosecution and abuse of process causes of action against the individual Defendants without prejudice.

Finally, Plaintiffs' negligence and negligent infliction of emotional distress causes of action in Count IV will be dismissed because, under the PSTCA, local governments and their employees cannot be held liable for these claims. 42 Pa Cons. Stat. §§ 8541, -45. Governmental liability for negligence exists only if the situation falls within one of the eight enumerated exceptions contained in section 8542. After a careful review of the complaint, none of those exceptions are applicable here. Therefore, I will dismiss Plaintiffs' negligence and negligent infliction of emotional distress claims.

I will enter an appropriate order.

**<u>ORDER</u>**

AND NOW, this 27th day of October, 2005, Defendants' Motions to Dismiss (Documents 8 and 11) are GRANTED IN PART and DENIED IN PART as follows:

(1) Plaintiffs' First, Fifth, and Eighth Amendment causes of action, brought pursuant to

(2)  42 U.S.C. § 1983, are dismissed;

(2) Plaintiffs have stated a viable cause of action, brought pursuant to 42 U.S.C. § 1983, against the City of Bethlehem, Northampton County, and the Northampton County Drug Task Force for violation of Plaintiffs' Fourth Amendment rights;

(3) The 42 U.S.C. § 1983 claim against Scott Lipare is dismissed;

(4) Plaintiffs' 42 U.S.C. § 1985 cause of action is dismissed;

(5) Plaintiffs' causes of action for intentional infliction of emotional distress, false arrest, and false imprisonment survive only against the individual defendants;

(6) Plaintiffs' causes of action for false arrest and false imprisonment against the City of Bethlehem, Northampton County, and the Northampton County Drug Task Force are dismissed;

(7) Tara Richie's causes of action for malicious prosecution and abuse of process are dismissed against the City of Bethlehem, Northampton County, and the Northampton County Drug Task Force;

(8) Tara Richie's causes of action for malicious prosecution and abuse of process against the individual Defendants are dismissed without prejudice; and

(9) Plaintiffs' causes of action for negligence and negligent infliction of emotional distress in Count IV are dismissed.

BY THE COURT:

   /s/ Juan R. Sánchez  
Juan R. Sánchez, J.